UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHYANE HARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00732-SEB-TAB |
| | ) | |
| CHARLES A. TINDLEY ACCELERATED SCHOOLS, | ) ) | |
| INDIANA DEPARTMENT OF EDUCATION, | ) | |
| TAMI TAYLOR Enrollment Supervisor, | ) | |
| | ) | |
| Defendants. | ) | |

## SCREENING ORDER

Plaintiff Shyane Harden ("Ms. Harden") *pro se* filed this lawsuit and moved for leave to proceed *in forma pauperis*. That motion has been granted.

### I. Screening Standard

When a plaintiff is permitted to proceed *in forma pauperis*, the Court has an obligation to ensure the complaint's sufficiency. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *Id.* Dismissal under § 1915 is an exercise of this Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Put differently, it is not enough for a plaintiff to say that she has been illegally harmed. She must also state enough facts in her complaint for the Court to infer the ways in which the named Defendants could be held liable for the harm alleged.

Thus "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). *Pro se* complaints, such as that filed by Ms. Harden, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Amended Complaint

On April 26, 2024, Ms. Harden filed her first complaint and sought leave to proceed *in forma pauperis*. On May 10, 2024, we granted Ms. Harden's request for *in forma pauperis* status. However, because her original complaint contained the unredacted names of her minor children, we ordered her to file an amended complaint "for the sole purpose of

identifying minors only by their initials," pursuant to Federal Rule of Civil Procedure 5.2. Dkt. 6. Ms. Harden's Amended Complaint[1] alleges as follows:

On April 1, 2024, Ms. Harden telephoned the Charles A. Tindley Accelerated School (the "School") to inquire about her daughter's, S.H., enrollment status and whether S.H's vaccination records were on file. The staff member at the front desk, Rebecca, confirmed that S.H. was enrolled at the School but stated that she could not answer Ms. Harden's additional questions. Accordingly, Ms. Harden's call was transferred to the enrollment supervisor, Tami Taylor ("Ms. Taylor"), to whom Ms. Harden explained that S.H. "was not supposed to be enrolled" at the School, requested that S.H. be "withdrawn," and warned that she would soon send a cease and desist letter. (Ms. Harden alleges that she sent cease and desist letters to all Defendants named herein but has received no responses.)

Ms. Harden filed this lawsuit against the School, the Indiana Department of Education (the "Department"), and Ms. Taylor (collectively, "Defendants"), under 42 U.S.C. § 1983 for alleged violations of her Fourteenth Amendment rights as well as a claim for "emotional distress." We screen these claims below.

## III. Discussion

To state a claim under the federal pleading rules, a plaintiff must provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff does not need to plead specific facts, she must provide enough

---

[1] "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). A new complaint, in other words, "wipes away prior pleadings." *Id.* Accordingly, our review is limited to the Amended Complaint's factual allegations.

3

facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plain "recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Ashcroft*, 556 U.S. at 678.

### A.   Section 1983 Claim against Ms. Taylor

Section 1983 "provides a remedy for violations of federal rights committed by persons acting under the color of state law." *First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021). Stated otherwise, § 1983 imposes liability on any "person" who, while acting under color of state law, violates an individual's federally protected rights. However, § 1983 does not itself create or establish any federally protected rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). To state a claim under § 1983, a plaintiff must allege facts describing the violation of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under the color of state law. *Id.*

Here, Ms. Harden pursues her § 1983 claim based on the alleged violation of her rights under the Fourteenth Amendment to the United States Constitution, which protects, among other things, [2] "the fundamental right of parents to make decisions concerning the

---

[2] The Fourteenth Amendment allows plaintiffs to enforce "the specific protections defined in the Bill of Rights," such as the freedom of speech or the freedom against unreasonable searches and seizures. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Additionally, the Fourteenth Amendment provides for substantive due process protections against "certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them' " as well as procedural due process protections against the deprivation of life, liberty, or property without a fair procedure. *Id.* at 125–26 (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).

care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 66 (2000). This fundamental right, in practice, includes parents' ability to direct their children's education. *Cf. Thomas v. Evansville-Vanderburgh Sch. Corp.*, 258 F. App'x 50, 53–54 (7th Cir. 2007) (nonprecedential order) ("But a right to choose the type of school one's child attends, or to direct the private instruction of one's child, does not imply a parent's right to control every aspect of her children's education at a public school.") (alteration omitted).

Ms. Harden's limited factual allegations set out in her amended complaint describe, albeit without great detail, that she phoned the School, spoke with Ms. Taylor, and (unsuccessfully) requested that S.H. be withdrawn from the School. Treating Ms. Harden's allegations liberally, as we are required to do for *pro se* litigants, we assume that the underlying constitutional violation relates to her Fourteenth Amendment right to direct her daughter's education (though she has not specifically said as much). Ms. Harden has failed to allege facts in sufficient detail to describe what Ms. Taylor actually did or did not do that constituted a constitutional violation. Although Ms. Harden alleges that she spoke on the phone to Ms. Taylor, she does not detail any action taken by Ms. Taylor that she believes interfered with her right to direct S.H.'s education. Additionally, it is unstated whether Ms. Taylor was acting under the color of state law when the alleged constitutional violation occurred, as required to impose § 1983 liability. Accordingly, Ms. Harden's § 1983 claim against Ms. Taylor must be dismissed for failure to state a claim.

### B. Section 1983 against the School and the Department

Although neither a state nor, by extension, a state agency, is a "person" under § 1983, *see Will v. Dep't of State Police*, 491 U.S. 58, 70–71 (1989), local governments and

municipalities may be held liable under § 1983, but only for their own actions; they cannot be liable solely because they employed a wrongdoer. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020) (en banc) (citing *Monell v. Dep't of Socs. Servs.*, 436 U.S. 658, 691 (1978)). A constitutional deprivation may be attributable to a municipality only "when execution of a government's policy or custom . . . inflicts the injury." *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008) (quotation marks and citation omitted). A plaintiff can show that a constitutional violation resulted from the execution of a municipal policy or custom in any of the following three ways: "(1) an express policy causing the loss when enforced; (2) a widespread practice constituting a 'custom or usage' causing the loss; or (3) a person with final policymaking authority causing the loss." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (citing *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004)).

Here, the Amended Complaint fails to state a claim against both the School and the Department. There are no facts about the School's or the Department's involvement in the alleged constitutional violation, nor any allegation about a policy or custom that plausibly support a viable § 1983 claim. At best, Ms. Harden alleges that Ms. Taylor was employed by both the School and the Department, but a defendant cannot be held liable simply because it employs an alleged wrongdoer. Moreover, it is entirely unclear from the Amended Complaint whether the Department is a suable entity, as it appears to be a state agency and thus immune § 1983 liability. The Amended Complaint also contains no allegations about whether the School is a public or private institution, so it is also unclear whether the School

can be regarded as a proper § 1983 defendant. Accordingly, the claims against the School and the Department must also be dismissed for failure to state a claim.

### C. Emotional Distress

Ms. Harden's final claim is that Defendants intentionally caused her emotional distress by their failure to investigate her complaint. We construe this claim as one for intentional infliction of emotional distress arising under state tort law (not federal constitutional law). "To state a claim for the intentional infliction of emotional distress, the plaintiff must plead sufficient facts that allow the court to draw the reasonable inference that the defendant (1) engaged in extreme and outrageous conduct, (2) which intentionally or recklessly (3) caused (4) severe emotional distress to another." *Redd v. Parkview Health Sys., Inc.*, No. 1:23-CV-179-GSL-SLC, 2024 WL 2272717, at *2 (N.D. Ind. May 20, 2024) (internal citations omitted).

Where a plaintiff's federal claims do not survive screening such as is the situation here, there is a presumption that the district court will relinquish jurisdiction over supplemental state-law claims. *RWJ Management Co., Inc. v. BP Products North America*, 672 F.3d 476, 479 (7th Cir. 2012). In light of the required dismissal of her federal constitutional claims over which we would have original jurisdiction,³ we decline to exercise supplemental jurisdiction over her state law claim for the intentional infliction of emotional distress. 28 U.S.C. §§ 1367(a), (c)(3) (district court has discretion to

---

³ Ms. Harden alleges that jurisdiction is proper because the "complaint seeks remedies pursuant to 42 U.S.C. § 1983, alleging violations of the Fourteenth Amendments [sic]." Am. Compl. § 1. We understand Ms. Harden to be asserting that the Court has federal question jurisdiction over this action.

retain jurisdiction over supplemental claims or dismiss them when it dismisses the claims over which it had original jurisdiction); *see Burritt v. Ditlefsen*, 807 F.3d 239, 252 (7th Cir. 2015) ("The general rule, when the federal claims fall out before trial, is that the [district court] should relinquish jurisdiction over any supplemental . . . state law claims in order to minimize federal judicial intrusion into matters of purely state law."). Accordingly, Ms. Harden's state law claim shall be dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the reasons detailed above, Ms. Harden's Amended Complaint is **DISMISSED without prejudice**. Ms. Harden has **FORTY DAYS** from the date of the Entry to seek to file an amended complaint, wherein she overcomes the deficiencies noted above, if possible, and describes in detail what she alleges each Defendant did or failed to do that violated her Fourteenth Amendment rights. Failure to file an amended complaint within the allotted time or consistent with the instructions set forth herein will result in dismissal with prejudice for failure to comply with a court order and/or for failure to prosecute her claims.

Ms. Harden is also advised that her amended complaint must stand on its own without reference to any prior pleading. If Ms. Harden intends to have the Court consider any exhibits, such exhibits must be filed with the amended complaint. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (explaining that the court may consider "documents

that are attached to the complaint, documents that are central to the complaint and referred to in it.").

IT IS SO ORDERED.

Date: 7/10/2024

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SHYANE HARDEN
240 N. 180 E. #28
Odgen, UT 84404